■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONNE STEVENS, Appellant.—Judgment, Supreme Court, New York County, rendered May 2, 1975, convicting defendant upon his guilty plea to attempted possession of a weapon as a felony, following the denial of his motion to suppress, is unanimously reversed, on the law, and the indictment is

dismissed. Whether or not *People v Ingle* (36 NY2d 413), applies retroactively so as to invalidate the "routine traffic check," the subsequent acts of the officer in forcing and breaking the lock of the console of the car, thus discovering the loaded pistol (all in the course of an "inventory search" of the car), constituted an unreasonable search and seizure. Upon the information then available, the police would not have been entitled to a search warrant authorizing the breaking of the lock of the console. The police cannot make a search without a warrant, in a situation in which a Judge clearly would not have granted a warrant if one had been requested. Concur —Lupiano, Silverman and Lane, JJ.; Murphy, J. P., and Birns, J., concur in the following memorandum by Murphy, J. P.: While I fully concur in the result, I find no justification for still questioning *Ingle*'s retroactivity in light of *People v Martinez* (37 NY2d 662; see, particularly, concurring opinion of Wachtler, J., p 672.)